UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| ROSS IVAN SOMMERS, | ) | No. CV 05-05714-MMM (VBK) |
| | ) | |
| Petitioner, | ) | ORDER (1) ACCEPTING AND ADOPTING |
| | ) | THE REPORT AND RECOMMENDATION OF |
| v. | ) | THE UNITED STATES MAGISTRATE |
| | ) | JUDGE, AND (2) DISMISSING THE |
| JAMES E. YATES, | ) | PETITION FOR WRIT OF HABEAS |
| | ) | CORPUS |
| Respondent. | ) | |
| | ) | |

Pursuant to 28 U.S.C. §636, the Court has made a de novo review of the Petition for Writ of Habeas Corpus ("Petition"), Respondent's Answer, Petitioner's Traverse, Respondent's Supplemental Answer and Supplemental Response, all of the records herein and the Report and Recommendation of the United States Magistrate Judge ("Report").

//

//

//

//

//

//

//

**IT IS ORDERED** that: (1) the Court accepts and adopts the Report and Recommendation,[1] (2) the Court declines to issue a Certificate of Appealability ("COA");[2] and (3) Judgment be entered denying and

---

[1]With respect to petitioner's third claim that the admission of evidence under California Evidence Code § 1108 violated the ex post facto clause, the court notes that the Ninth Circuit has explicitly held that it does not. Schroeder v. Tilton, 493 F.3d 1083, 1087 (9th Cir. 2007) ("The state court did not err in concluding that § 1108 is an "ordinary" rule of evidence that does not violate the Ex Post Facto Clause. . . . The text of § 1108 does not speak to the sufficiency of the evidence it renders admissible. It simply states that evidence of prior uncharged sexual misconduct may be admitted to prove propensity. Cal. Evid. Code § 1108. The rule, 'by simply permitting evidence to be admitted at trial, ... do[es] not concern whether the admissible evidence is sufficient to overcome the presumption[of innocence].' Nothing in the text of § 1108 suggests that the admissible propensity evidence would be sufficient, by itself, to convict a person of any crime. Section 1108 relates to admissibility, not sufficiency," quoting Carmell, 529 U.S. at 533 n. 23).

With respect to petitioner's fourth claim that his sentence violated Cunningham v. California, 549 U.S. 270 (2007), the court concludes, under People v. Black, 41 Cal.4th 799 (2007), and Butler v. Curry, 528 F.3d 624 (9th Cir. 2008), that the state trial court relied on one aggravating circumstance in imposing sentence that had been proved in a constitutionally permissible manner – i.e., petitioner's prior conviction – and that this suffices to render the sentence constitutional. To the extent this is not the case, the court adopts the magistrate judge's harmless error analysis as set forth in the Report and Recommendation.

[2]Under 28 U.S.C. §2253(c)(2), a COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." The Supreme Court has held that, to obtain a Certificate of Appealability under §2253(c), a habeas petitioner must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further'." Slack v. McDaniel, 529 U.S. 473, 483-84, 120 S.Ct. 1595 (2000)(internal quotation marks omitted); see also Miller-El v. Cockrell, 537 U.S. 322, 336, 123 S.Ct. 1029 (2003). After review of Petitioner's contentions herein, this Court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right, as is required to support the issuance of a COA.

1  dismissing the Petition with prejudice.

2

3  DATED: January 24, 2011

   MARGARET M. MORROW
4  UNITED STATES DISTRICT JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28